UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY WALIA,

    Plaintiff,

v.                                          CASE NO.: 8:14-cv-585-T-23TGW

ARMED FORCES BANK, N.A.,

    Defendant.
_____/

**ORDER**

Alleging state law claims, the *pro se* plaintiff sued (Doc. 2) the defendant in state court. Citing jurisdiction conferred by 28 U.S.C. § 1332, the defendant removed (Doc. 2) on March 12, 2014. In a March 24, 2014, motion, the plaintiff moves (Doc. 8) for remand. The plaintiff argues (1) that the defendant has failed to show that the amount in controversy exceeds $75,000 and (2) that the defendant (prematurely) removed before "receiving" the initial pleading. In the alternative, the plaintiff moves (Doc. 8) to amend the complaint to add two non-diverse parties.

The defendant demonstrates by a preponderance that the amount in controversy exceeds $75,000, and the defendant correctly argues that the defendant timely removed this action. *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) (Presnell, J.) ("[C]ourts permitting unserved non-forum defendants to remove under Section 1441(b) have concluded, axiomatically, that an unserved defendant in receipt of the complaint may remove prior to service under Section 1446(b)."). However, the plaintiff properly demonstrates the grounds for

leave to amend the complaint to add Wyman, Green & Blalock Real Estate, Inc., and Greene Hamrick Quinlan Schermer & Esposito, P.A., each of which is non-diverse.

28 U.S.C. § 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Determining whether to permit joinder under Section 1447(e) requires an evaluation of (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether the plaintiff has been dilatory in asking for the amendment," (3) "whether the plaintiff will be significantly injured if the amendment is not allowed," and (4) "any other factors bearing on the equities." *MB Rental Properties, Inc. v. Pac. Ins. Co.*, 2011 WL 1833130 (M.D. Fla. May 13, 2011) (Merryday, J).

The defendant argues that the plaintiff's prompt motion to amend shows that the plaintiff's primary purpose in amending is to defeat jurisdiction. However, the plaintiff explains that the defendant removed the action before the plaintiff served the defendant and before the defendant otherwise "received" any paper from the plaintiff. The plaintiff's explains that he intended to add additional parties before serving the defendant but that the defendant's premature removal preempted the amendment. Accordingly, the plaintiff effectively explains the prompt motion and explains away any suspicion that might arise. Second, the plaintiff correctly argues

that the plaintiff's prompt motion demonstrates that the plaintiff "has [not] been dilatory in asking for the amendment."[*] Further, the *pro se* plaintiff correctly identifies the hardship that he will face in litigating in both federal and state court. Finally, under factor four, the plaintiff appears to possess against Wyman and Greene a cognizable claim, which is partly supported by the defendant's second and eleventh affirmative defenses (which shift blame to "entities other than Defendant" and "third-parties").

The plaintiff's motion (Doc. 8) to remand is **DENIED**. However, the plaintiff's motion (Doc. 8) for leave to amend the complaint to add non-diverse parties is **GRANTED**. Under 28 U.S.C. 1447(e), this action is **REMANDED**. The clerk is directed (1) to mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the clerk of the Circuit Court for Manatee County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on April 28, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The plaintiff moved for leave to amend only five days after the defendant answered the complaint. If amendment had no affect on diversity jurisdiction, the plaintiff could have amended under Rule 15(a) as a matter of course. *See MB Rental Properties, Inc. v. Pac. Ins. Co.*, 2011 WL 1833130 (M.D. Fla. May 13, 2011) (Merryday, J.) ("Section 1447(e) is arguably inapplicable because a permissive amendment, effective unilaterally as a matter of right (a "matter of course," as Rule 15 states) and without leave of court, only awkwardly qualifies as an act by which the plaintiff "seeks to join" an additional defendant.").